United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 5, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---------------------

No. 05-51410

----------------------

MARIE PFAU

Plaintiff - Appellant

v.

JAMES GILGER

Defendant

TEXAS DEPARTMENT OF ASSISTIVE AND REHABILITATIVE SERVICES

Defendant - Appellee

-----------------------------------------------
Appeal from the United States District Court
for the Western District of Texas, Austin
No. 1:04-CV-442
-----------------------------------------------

Before KING, GARZA, and OWEN, Circuit Judges.

PER CURIAM:[*]

Plaintiff-appellant Marie Pfau appeals the summary judgment granted by the district court in favor of defendant-appellee Texas Department of Assistive and Rehabilitative Services ("DARS") on Pfau's retaliation case under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* We note as a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

preliminary matter that Pfau's response to the portion of DARS'
motion for summary judgment relating to the retaliation claim
fails to discharge her burden of producing evidence of the
existence of a genuine issue for trial.  In showing that there is
such an issue, the nonmovant must "go beyond the pleadings and
designate specific facts."  Little v. Liquid Air Corp., 37 F.3d
1069, 1075 (5th Cir. 1994) (en banc) (per curiam).  That burden
cannot be met with conclusory statements, speculation, and
unsubstantiated assertions because these do not show a genuine
issue of material fact.  Further, we can look only to the summary
judgment record before the trial court.  Topalian v. Ehrman, 954
F.2d 1125, 1132 n.10 (5th Cir. 1992).  The parties cannot
"advance new theories or raise new issues to secure reversal,"
nor can they "add exhibits, depositions, or affidavits to support
their positions on appeal."  Id.  While Pfau's appellate brief
cites to evidence and controlling case law, her response to the
motion for summary judgment, which totaled four pages, is a
different matter.  Only one paragraph was devoted to the
retaliation claim, and it contained mostly speculative,
conclusory statements.  Although she did attach 80 pages of
evidence, Pfau did not designate specific facts or pieces of
evidence showing a genuine issue for trial.

Pretermitting the problems with Pfau's response to the
portion of DARS' motion addressing Pfau's prima facie case, we
turn to the next step in the McDonnell Douglas analysis.  Once a

2

plaintiff establishes a prima facie case there is an inference of retaliation. The burden of production then shifts to the defendant who must articulate a legitimate non-discriminatory reason for the challenged action. DARS' motion for summary judgment asserts (and, from an evidentiary standpoint, substantiates) that Arrell had a legitimate, non-discriminatory reason for firing Pfau - that Pfau was discharged because Arrell perceived that Pfau was unsuited for her position for the reason that her failure to revise her project, as ordered, the day before a board meeting constituted gross insubordination. Once DARS produced evidence of a legitimate, non-discriminatory reason for its decision, "the inference of discrimination introduced by the plaintiff's prima facie showing then drops from the case." Evans v. City of Houston, 246 F.3d 344, 354 (5th Cir. 2001). Then the court must address the ultimate question, whether the employer unlawfully retaliated against the employee. In this case, the question is whether Pfau has shown that the adverse employment decision "would not have occurred 'but for'" her participation in the allegedly protected activity, here the investigation of the sexual harassment charge against Gilger. Pfau cannot necessarily answer this question by merely disputing DARS' assessment of her work performance. The key question is whether the employer's perception of Pfau's work performance, "'accurate or not, was the real reason for her termination.'" Id.

3

at 355 (quoting Shackelford v. Deloitte & Touche, LLP, 190 F.3d 398, 408-09)(5th Cir. 1999)).

Pfau's response to DARS' motion for summary judgment does not come close to establishing that retaliation was the 'but for' reason for the termination.  The district court properly held that "Pfau presents no evidence whatsoever that DARS proffered reason for her termination is pretextual, and that her involvement in the investigation was a 'but-for' cause of her termination.  Pfau only speculates that 'it is unbelievable that [she] would be discharged for a so-called refusal without any conversation or any prior disciplinary action.'" Thus, the district court properly granted DARS' motion for summary judgment.

The judgment of the district court is AFFIRMED.